'Federal Court'
at
Middle District of North Carolina

| | | |
|---|---|---|
| Brian Robertson; <br> Keri Robertson <br> Plaintiffs. | ) <br> ) <br> ) <br> ) <br> ) | Nature of case: |
| DEPARTMENT OF SOCIAL SERVICES <br> And others <br> Defendants(s) | ) <br> ) <br> ) <br> ) <br> ) | Writ of Habeas Corpus <br><br> 17cv235 |

FILED MAR 20 2017 Clerk U.S. District Court Greensboro NC

## i, require a Writ of Habeas Corpus to be made in this 'court of record' for the following:

I, Brian Robertson, Private Attorney General, the attorney of record for the above captioned matter.[1] [2]

I, represent the clients Keri Kathleen Robertson and Brian Vincent Robertson and also the public interest at large in this matter.[3]

---

[1] In action under this subchapter, the charging party and suing plaintiff acts as private attorney general who takes on mantel of the sovereign and, if alleged discrimination has been practiced on plaintiff because he or she is member of class which is allegedly discriminated against, trial court bears special responsibility in public interest to resolve dispute by determining facts regardless of position of individual plaintiff, thereby avoiding forcing defendant to defend multiplicity of actions. Bowe v. Colgate-Palmolive Co., C.A.7 (Ind.) 1969, 416 F.2d 711, opinion corrected on denial of rehearing. See, also, Hutchings v. U.S. Industries, Inc., C.A. 5 (Tex.) 1970, 428 F.2d 303; Baxter v. Savannah Sugar Refining Corp., D.C.Ga.1968, 46 F.R.D. 56. Federal Civil Procedure Key Number Symbol 184.10 Employment discrimination class action litigation is public in character and individual litigant serves as private attorney general vindicating congressional policy to eradicate discrimination. Wilhite v. South Central Bell Tel. & Tel. Co., E.D.La.1976, 426 F.Supp. 61. Federal Civil Procedure Key Number Symbol 184.10
42 U.S.C.A. § 2000e-5, 42 USCA § 2000e-5
Current through P.L. 114-327. Also includes P.L. 114-329 and 115-1 to 115-8. Title 26 current through 115-8.

[2] 14A C.J.S. Civil Rights § 501
Corpus Juris Secundum | March 2017 Update
Civil Rights
VIII. Federal Remedies for Violation of Rights, Generally
Q. Attorney's fees, Costs, and Expenses
§ 501. Public benefit; private attorneys general
Congress intended that attorney's fees be awarded in civil rights actions to compensate those plaintiffs who advance the public interest by acting as private attorneys general.
Congress intended that attorney's fees be awarded in civil rights actions to compensate those plaintiffs who advance the public interest by acting as private attorneys general.1 The theory underpinning the recovery of attorney's fees by prevailing civil rights plaintiffs is that they act as private attorneys general in enforcing public law norms and when addressing discrimination vindicate policy that Congress has considered of the highest priority.2

[3] One purpose of allowing private suits under Civil Rights Act of 1964 is to permit private attorney general role to be played with respect to potential patterns or practices of discrimination. Toliver v. Sullivan Diagnostic Treatment Center (SDTC), S.D.N.Y.1993, 812 F.Supp. 411, on reconsideration 818 F.Supp. 71, affirmed 22 F.3d 1092, certiorari denied 115 S.Ct. 1103, 513 U.S. 1151, 130 L.Ed.2d 1070. Civil Rights Key Number Symbol 1522

The Plaintiffs Keri Kathleen Robertson and Brian Vincent Robertson for the purpose of Diversity of Citizenship[4] are both Citizens of the United States and are residents of North Carolina;

    Keri Kathleen Robertson's place of residence is 1849 Power Dam Rd, Walnut Cove, NC, 27052;

    Brian Vincent Robertson's place of residence is at 5102 Eagle Perch Way, Greensboro, NC, 27407

Ulster County Department of Social Services is a corporation in New York State, Here in after DSS,

DSS is located at 1091 Development Court, Kingston, NY, 12401[5] [6]

DSS is a Municipal corporation[7] with the Dunn & Bradstreet Number 00-934-6103

---

[4] United States citizen who is domiciled in state is citizen of that state, for purposes of diversity jurisdiction. Coury v. Prot, C.A.5 (Tex.) 1996, 85 F.3d 244. Federal Courts Key Number 2405
Residence in fact, and intention of making place of residence one's home, are essential elements of domicile. Korn v. Korn, C.A.3 (Virgin Islands) 1968, 398 F.2d 689.
In order to be a citizen of a state within the meaning of the diversity statute, a natural person must both be a citizen of the United States and be domiciled within the state. Mikesell v. FIA Card Services, N.A., M.D.Fla.2013, 936 F.Supp.2d 1327.

[5] Where Delaware corporation had its sole business office and its principal place of business in New York, it was both a "citizen" and a "resident" of New York and entitled to bring diversity action against California defendants in federal court sitting in New York. National Equipment Rental, Limited v. Sanders, E.D.N.Y.1967, 271 F.Supp. 756.

[6] A corporation created by state is deemed a citizen, or its members are conclusively presumed to be citizens of such state, within provisions of U.S.C.A.Const. Art. 3, § 2, cl. 1 and this section giving federal courts jurisdiction of actions between citizens of different states. Swan v. First Church of Christ, Scientist, in Boston, Mass., C.A.9 (Cal.) 1955, 225 F.2d 745.

[7] municipal corporation
municipal corporation. A city, town, or other local political entity formed by charter from the state and having the autonomous authority to administer the state's local affairs; esp., a public corporation created for political purposes and endowed with political powers to be exercised for the public good in the administration of local civil government. — Also termed municipality. Cf. quasi-corporation under CORPORATION. [Cases: Municipal Corporations 1.1.]

## JURISDICTION OF THE COURT

This 'Federal Court" has Jurisdiction over these matters that are set before this court under diversity of citizenship jurisdiction;[8] [9] [10]

This 'Federal Court' also has original Jurisdiction,[11] [12]

---

[8] U.S.C.A. Const. Art. III § 2, cl. 1
Section 2, Clause 1. Jurisdiction of Courts
Currentness
<Notes of Decisions for Constitution Art. III, § 2, cl. 1, Jurisdiction of Courts, are displayed in two separate documents. Notes of Decisions for subdivisions I to VII are contained in this document. For Notes of Decisions for subdivisions VIII to end, see second document for Constitution Art. III, § 2, cl. 1, Jurisdiction of Courts.>
Section 2. The judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority;--to all Cases affecting Ambassadors, other public Ministers and Consuls;--to all Cases of admiralty and maritime Jurisdiction;--to Controversies to which the United States shall be a Party;--to Controversies between two or more States;--between a State and Citizens of another State;--between Citizens of different States;--between Citizens of the same State claiming Lands under Grants of different States, and between a State, or the Citizens thereof, and foreign States, Citizens or Subjects.

[9] Federal judicial power is limited under Article III to adjudication of "cases and controversies," which limitation includes requirement that plaintiff have standing to bring action, in turn requiring that plaintiff personally have suffered some actual or threatened injury. Mason v. Bradley, N.D.Ill.1992, 789 F.Supp. 273.

[10] To satisfy the case or controversy requirement of Article III, which is the irreducible constitutional minimum of standing, a plaintiff must, generally speaking, demonstrate that he has suffered injury in fact, that the injury is fairly traceable to the actions of the defendant, and that the injury will likely be redressed by a favorable decision. Oti Kaga, Inc. v. South Dakota Housing Development Authority, C.A.8 (S.D.) 2003, 342 F.3d 871, rehearing denied.

To have Article III standing to seek declaratory and injunctive relief, plaintiff must demonstrate that he is likely to suffer future injury, that he is likely to suffer such injury at hands of defendant, and that relief sought will likely prevent injury from occurring. Cone Corp. v. Florida Dept. of Transp., C.A.11 (Fla.) 1991, 921 F.2d 1190, certiorari denied 111 S.Ct. 2238, 500 U.S. 942, 114 L.Ed.2d 479.

To sufficiently allege injury in fact required to establish Article III standing, plaintiff must demonstrate invasion of legally protected interest that is (1) concrete and particularized, and (2) actual or imminent, not conjectural or hypothetical. American Humanist Association, Inc. v. Douglas County School District Re-1, D.Colo.2016, 158 F.Supp.3d 1123, entered 2016 WL 242803.

[11] 28 U.S.C.A. § 1331
§ 1331. Federal question
The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

[12]
United States Code Annotated
Title 18. Crimes and Criminal Procedure (Refs & Annos)
Part II. Criminal Procedure
Chapter 211. Jurisdiction and Venue
18 U.S.C.A. § 3231
§ 3231. District courts
The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States.
Nothing in this title shall be held to take away or impair the jurisdiction of the courts of the several States under the laws thereof.

**PLEASE TAKE NOTICE** that upon the annexed affirmation of Brian Robertson, Private Attorney General, this Habeas Corpus is being made because of the Civil Claims and Complaints, and Criminal Claim and Complaint that is being made at the 'Federal Court', 324 W. Market Street, Greensboro, NC 27401

The matter before this Court is being made in regards for the stated claim and complaint in this Writ. The defendants have acted in such a way that is mockery of the judicial process[13] that this country holds so high. There has been a clear denial of substantive due process[14] throughout this entire case, therefore, I am making this request before the Court for the afore mentioned allegations, Relief sought, and such other further relief as this court deems just and proper. Based on the following reasons.

---

[13] The court held that, "In our judgment such perjury must lead to suppression of the evidence in order to prevent fraud upon the judicial process." 525 F.2d at 8. Accordingly, Judge Keith wrote in Barone, the agent's false affidavit "perpetrates a fraud upon and makes a mockery of the judicial process." 584 F.2d at 127.Eyeglasses – Previously viewed in last 30 days for current Client ID1, U.S. v. Nembhard 512 F.Supp. 19, E.D.Mich., Dec. 04, 1980

The Luna test articulated two circumstances which justify impeachment of an affidavit. The first circumstance goes to knowing use of false statements; the second goes to reckless use of false statements. Under the first application of Luna, this Circuit said:
There are two circumstances which we believe authorize the impeachment of an affidavit which on its face is sufficient probable cause for issuance of the warrant. The first of these consists of Knowing use of a false statement by the affiant with intent to deceive the court. This is true even if the statement can be said to be immaterial to the issue of probable cause. In our judgment Such perjury must lead to suppression of the evidence in order to prevent fraud upon the judicial process. (Emphasis added) United States v. Barone, 584 F.2d 118 (6th Cir. 1978),

[14]
2. Krueger v. North Carolina Criminal Justice Educ. and Training Standards Com'n
Court of Appeals of North Carolina. November 5, 2013 230 N.C.App. 293
Headnote: "Substantive due process" protection prevents the government from engaging in conduct that shocks the conscience, or interferes with rights implicit in the concept of ordered liberty. U.S.C.A. Const.Amend. 14; West's N.C.G.S.A. Const. Art. 1, § 18.
Document Preview: LABOR AND EMPLOYMENT - Public Employment. Police officer's 180-day suspension for falsification of training form did not violate due process or equal protection.

It is my understanding, being unschooled in court procedure and law, that the court has to look at the substance and not the form[15] [16] of this filing before the court.

I, Brian Robertson, respectfully come before this court and make the following allegations;

1. That on June 22, 2012 Jennifer Allen willfully committed fraud upon the court in Ulster County New York,

2. By Jennifer Allen committing this fraud to obtain service upon the defendants with a fraudulent device[17],

3. That device was the neglect petitions that were filed in Ulster County Family Court on June 22, 2012,

---

[15] 6. Erickson v. Starling
Supreme Court of North Carolina. May 2, 1951 233 N.C. 539
Headnote: Equity deals with fraud, and the judicial process or privilege is not intended to be used as a shield against ferreting out fraud or to stay the day of reckoning and judgment but rather to be employed in a single action for investigation of the whole scheme and the unravelling of its ramifications, and in dealing with fraud equity regards substance and not form and corporate identity offers no bar to obtaining right dealing and fair accounting.

[16] Haines v. Kerner, 404 US 519 - Supreme Court 1972

"Whatever may be the limits on the scope of inquiry of courts into the internal administration of prisons, allegations such as those asserted by petitioner, however inartfully pleaded, are sufficient to call for the opportunity to offer supporting evidence. We cannot say with assurance that under the allegations of the pro se complaint, which we hold to less stringent standards than formal pleadings drafted by lawyers, it appears *521 "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U. S. 41, 45-46 (1957). See Dioguardi v. Durning, 139 F. 2d 774 (CA2 1944)."

Estelle v. Gamble 429 US 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 - Supreme Court, 1976

"Against this backdrop, we now consider whether respondent's complaint states a cognizable § 1983 claim. The handwritten pro se document is to be liberally construed. As the Court unanimously held in Haines v. Kerner, 404 U. S. 519 (1972), a pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears " `beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " Id., at 520-521, quoting Conley v. Gibson, 355 U. S. 41, 45-46 (1957)."

[17] 28 Fed. Proc., L. Ed. § 65:40
Fraudulent device used to obtain service of process
A person induced by artifice or fraud to enter a jurisdiction for the purpose of serving process on the person is a victim of abuse of process and may apply to have the summons set aside.1 Process may be quashed if the party served was induced to enter a jurisdiction by fraud or trickery perpetrated by—
— the plaintiff,2
— the plaintiff's friend,3
— the plaintiff's agent,4 or
— the plaintiff's attorney.5
A particular form of enticement which has been condemned is a false representation that a potential defendant should enter the jurisdiction so that the parties can settle their differences without a suit where the plaintiff's real intent is to serve summons on the potential defendant once he or she enters the jurisdiction.

4. And, because of this fraud, no court in Ulster County had the power to act and lacked Jurisdiction,

5. Jennifer Allen committed perjury on the device that she submitted to the Court, that device being the neglect petitions and affidavit,

6. On or about December 18, 2012 Micheal C. Mauceri, Esq. admitted the neglect potions where illegal because of the fraud upon the court[18] that was committed,

7. The admission Of Micheal C. Mauceri Esq. is part of the public record in part at https://youtu.be/nbIceZOcqu0 and is titled "Assemblyman Cahill; Request for formal response about CPS corruption in your district!"

8. On February 27, 2017, Betty Potenza, Esq filed a motion in the New York Court of Appeals, Case no. 516710 and Case No. 520159,

9. Betty Potenza, Esq states the following on and starting on Page 18 in Point II; "APPELLANT'S MOTION TO DISMISS AT THE

## FACT FINDING STAGE SHOULD HAVE BEEN GRANTED AS A MATTER OF LAW

The June 21, 2012 petition alleges that the minor children were at risk based solely on the fact that

"Respondent is a Registered Level 3 Predicate Sex Offender and has by his own acknowledgment has not completed a sex offender treatment program and is refusing to engage in a sex offender treatment program which was a special condition of his post release supervision. Respondent continues to consume alcohol and has not completed a substance/alcohol abuse program which was a special condition of his post release supervision."

---

21A Fed. Proc., L. Ed. § 51:196
Federal Procedure, Lawyers Edition | March 2017 Update
Chapter 51. Judgments and Orders
Karl Oakes, J.D.
VI. Relief from Judgments or Orders
C. Actions under "Savings" Clauses
2. Fraud Upon the Court
a. Basis for and Extent of Relief
(2) What Constitutes "Fraud Upon the Court"?
§ 51:196. Generally
Fraud upon the court has been defined as embracing only that species of fraud which attempts to subvert the integrity of the court or which is perpetrated by officers of the court,1 or which corrupts or attempts to corrupt the court or a member thereof,2 or the judicial process itself.3 It has also been suggested that such fraud requires a showing of an unconscionable plan or scheme4 which is designed to improperly influence the court's decision5 or to interfere with the judicial system's ability impartially to adjudicate a matter.6 and exists only where there has been egregious conduct.7
Observation:
Fraud upon the court as a basis for equitable relief is construed narrowly in order to preserve the finality of judgments.8
Cases:
"Fraud on the court," such as will warrant relief from judgment, embraces only that species of fraud which does or attempts to defile the court itself, or is a fraud perpetrated by officers of court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication. Fed. R. Civ. P. 60(d)(3). In re Roussos, 541 B.R. 721 (Bankr. C.D. Cal. 2015).

There were no allegations that Appellant had committed any offense against his daughter.

During the initial removal hearing on June 12, 2012, the Hon. Marianne O. Mizel, Family Court Judge, Ulster County, questioned the Department on seeking an order of protection keeping Appellant away from his daughter, when they had not thoroughly investigated the matter and determined if in fact Appellant had received sex offender treatment.

DSS Caseworker Jennifer Allen testified on June 12, 2012 at the removal hearing that Appellant had told her that he received treatment while in prison and then after his release. This is contrary to the statements made in the petition that he had acknowledged that he had not completed a program.

During the Fact-Finding Hearing which commenced on July 24, 2012, Ms. Allen testified that there were no restrictions that would affect Appellant's being in the presence of children, and that at her request, Pennsylvania authorities investigated the home where the children were living, and there were no safety risks, nor did Pennsylvania have any concerns with the child being in the presence of her father. Ms. Allen testified that since 2001 when Appellant was released, there were no indicated reports of abuse or maltreatment against the Appellant in the States of North Carolina, Virginia or Pennsylvania where he had been residing with the child. The Caseworker Allen testified that during the course of her investigation she had found no evidence of any abuse or maltreatment of the minor children, not had anyone else at DSS. A physical examination of the minor children produced no evidence of maltreatment.

Appellant filed his Motion to Dismiss on November 27, 2012

Appellant maintains that the petition should have been dismissed as a matter of law as the petition relied on past offenses and prior convictions and the fact that Appellant was a registered sex offender with absolutely no statement or evidence of current wrongdoing on the part of the Appellant.

Appellant maintains that this question is of statewide importance in that it effects not only the Appellant but all registered sex offenders who after their release wish to father and reside with their biological children. Does Appellant's status as a registered sex offender, based on convictions which were more than 10 years old at the time of his release, with no evidence of any subsequent offenses, and no indication that the Appellant was under a directive by any of the previous states in which he resided allow a neglect petition to stand.

It was this Court's position in *Afton C.* that a father who was adjudicated a level three sex offender, never sought sex offender treatment, and who was residing with his children was not sufficient to sustain an allegation of neglect.

It is respectfully submitted that the Court erred in denying Appellant's motion to dismiss at the fact-finding stage of the neglect proceeding.


10. Now, DSS is now attempting to further continue to commit Fraud upon the Court by having another court issue misdemeanor arrest warrants for the plaintiffs and demand extradition.

11. Based on the fraudulent actions of this agency they are asking North Carolina to be an accomplice, unknowingly to the fraud, to kidnapping of the plaintiffs[19]

---

[19] Effective: December 1, 2006
N.C.G.S.A. § 14-39
§ 14-39. Kidnapping
Currentness

(a) Any person who shall unlawfully confine, restrain, or remove from one place to another, any other person 16 years of age or over without the consent of such person, or any other person under the age of 16 years without the consent of a parent or legal custodian of such person, shall be guilty of kidnapping if such confinement, restraint or removal is for the purpose of:
(2) Facilitating the commission of any felony or facilitating flight of any person following the commission of a felony; or
(3) Doing serious bodily harm to or terrorizing the person so confined, restrained or removed or any other person; or
(4) Holding such other person in involuntary servitude in violation of G.S. 14-43.12.

12. DSS's actions have been predatory in nature,

13. DSS has willfully violated the plaintiffs rights by unlawfully crossing state lines to harass Keri Robertson and her parents without a lawful Pennsylvania order,

14. Those actions were never done before approximately March of 2015, after Brian Robertson Filed a civil complaint in the 'Federal Court' of the northern district of New York, Docket #: 1:15CV11

15. DSS has violated The Uniform Child Custody Jurisdiction Enforcement Act, Hereinafter, UCCJEA,

16. DSS has been unwilling to transfer the case to the proper jurisdiction, even though Keri Robertson and the Children L.E &L.R have not resided in New York since June 12, 2012

17. Plaintiff Brian Robertson, has not resided in New York since 2013,

18. Plaintiffs have been unable to have familial relations[20] as Husband and Wife because of the fraud committed by DSS,

19. Plaintiff Brian Robertson has been unable to have Familial Relations with his own biological daughter, by any and all means including third party communication,

---

[20] 16A C.J.S. Constitutional Law § 756
Corpus Juris Secundum | March 2017 Update
Constitutional Law
PART III. Overview of Protected Personal Rights and Freedoms; Police Power
IX. Personal, Civil, and Political Rights and Freedoms
B. Activities or Persons Protected
1. In General
§ 756. Marriage, sex, and family
The right to marry and the right of family integrity are fundamental rights which are constitutionally protected. Generally speaking, "familial relations" involve fundamental constitutional rights.1
The right to marry is a fundamental right which is afforded protection by the Constitution.2 Infringements on the right to marry that are outweighed by compelling state interests, however, are constitutionally permissible.3
The Constitution likewise recognizes as fundamental the right of family integrity4 and protects the family unit, regardless of its relationship or composition, against governmental intrusion not supported by compelling governmental interests.5 The constitutional protection of the sanctity of the family has been found to extend to family choice and is not confined within an arbitrary boundary drawn at the limits of the "nuclear family" consisting of a couple and its dependent children.6
The right of a parent to conceive, bear, nurture, and raise children is one of constitutional dimensions7 and is a fundamental right.8 The right is not absolute,9 however, and is subject to reasonable state regulation pursuant to the police power.10 Such right may be curtailed or eliminated by state law for the purpose of advancing a compelling state interest.11 Moreover, the right is accompanied by the responsibility to see that one's children are properly raised so that the rights of other people are protected, and merely because a parent is held responsible for his or her child's torts does not constitute interference with that right. 12
Generally, the relationship between parents and their children,13 or the rights of parents over their families, are fundamental and constitutionally protected.14 More specifically, the right of a parent to the care, custody, companionship, and management of a child is a fundamental right protected by the federal and state constitutions.15 Any decision terminating or limiting that right also affects such parent's constitutionally protected liberty interest in maintaining his or her familial relationship with the child.16 The right of a parent not to be deprived of parental rights without a showing of unfitness, abandonment, or substantial neglect is likewise a fundamental right.17 Furthermore, the right may not be restricted without a showing that the parent's activities may tend to impair the emotional or physical health of the child.18
Parental rights over children, however, are accorded constitutional protection only against unwanted or unreasonable interference by the state.19 Constitutional restraint on state interference in family matters does not compel protection of parental rights at the expense of ignoring the rights and needs of children.20 In other words, the family unity need not be preserved at the expense of the best interest of the child,21 and parental misconduct depriving a child of essential needs is not constitutionally protected.22 In fact, the interest of children in a wholesome environment has a constitutional dimension no less compelling than that the parents have in the preservation of family integrity and, in the hierarchy of constitutionally protected values, both interests rank as fundamental and must be shielded with equal vigor and solicitude. 23

20. DSS has been asked to transfer the case to the proper Jurisdiction that would be under accordance of the UCCJEA[21],

21. Approximately May of 2015 Keri Robertson contacted Pennsylvania DSS about Interstate Compact casing,

22. The case worker for Pennsylvania DSS told Keri Robertson that DSS will not file the proper paperwork,

23. Approximately June of 2015 Heather Harp, Esq, Attorney for DSS then stated to Keri Robertson in court that they refuse to file the proper paperwork with Pennsylvania DSS,

24. DSS has crossed jurisdictional lines numerous times in person and now by instrument, in the furtherance of there actions.

25. DSS has trespassed upon the plaintiffs property[22],

---

[21]
9. Williams v. Walker
Court of Appeals of North Carolina. August 21, 2007 185 N.C.App. 393
Headnote: North Carolina court possessed jurisdiction when it entered order asserting jurisdiction over child custody and visitation dispute; North Carolina would have had jurisdiction to enter an original child custody order, as it was the home state of child since she had resided in state with mother for more than six months before the court addressed the custody dispute, and Illinois courts had relinquished jurisdiction over the child custody dispute by entering order granting father leave to transfer his motion for visitation violation to North Carolina and removing the matter from its calendar. 28 U.S.C.A. §§ 1738A(a, d, f), 1738A(c)(2)(A)(ii); West's N.C.G.S.A. § 50A-201(a)(1).
2 Cases that cite this legal issue
Document Preview: FAMILY LAW - Jurisdiction. North Carolina court possessed jurisdiction over child custody dispute when it entered order asserting jurisdiction.

[22]63C Am. Jur. 2d Property § 1
American Jurisprudence, Second Edition July 2016 Update Property
I. In General
§ 1. Generally; definitions
West's Key Number Digest
West's Key Number Digest, Property 1, 7
The legal definition of property most often refers not to a particular physical object, but rather to the legal bundle of rights recognized in that object, which bundle of rights includes the rights to possess, use, and dispose of a particular article. 1 The term "property" embodies more than just physical, corporeal assets; it can include intangible entities, such as rights and interests. 2 As a matter of legal definition, "property" refers not to a particular material object, but to the right and interest in an object; 3 as to a thing, "property" does not consist merely in its ownership or possession, but also in the lawful, unrestricted right of its use, enjoyment, and disposal. 4 In its precise legal sense, property is nothing more than a collection of rights;

26. DSS and its respective agents have conspired to commit these fraudulent acts and in turn by crossing state lines makes it a federal offense[23],

25. Plaintiffs require to come before this court and present all the evidence to satisfy the court,

## VENUE OF THE COURT

This 'Federal Court' is the proper venue for this case to be heard based on the following grounds;

1. The fraud may have started in Ulster County New York, but was received in Guilford County, NC[24]
2. I, Brian Robertson, Private Attorney General, have the understanding that this 'Federal Court' has the authority to review any and all evidence at an evidentiary hearing that is placed on the record and recommend any federal investigation.

---

[23]
United States Code Annotated
Title 18. Crimes and Criminal Procedure
Part II. Criminal Procedure
211. Jurisdiction and Venue
18 U.S.C.A. § 3237
§ 3237. Offenses begun in one district and completed in another
Currentness
(a) Except as otherwise expressly provided by enactment of Congress, any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed.

Where a criminal conspirator commits an act in one district which is intended to further a conspiracy by virtue of its effect in another district, the act has been committed in both districts and venue is properly laid in either. U.S. v. Lewis, C.A.11 (Fla.) 1982, 676 F.2d 508, certiorari denied 103 S.Ct. 313, 459 U.S. 976, 74 L.Ed.2d 291. Criminal Law Key Number 113

[24] Crime of making false statement is continuing offense that may be prosecuted in district where false statement is ultimately received for final decision making; act of receiving communication continues until communication is received by person or persons to whom it is intended to affect. U.S. v. Angotti, C.A.9 (Cal.) 1997, 105 F.3d 539. Criminal Law Key Number 113

Where allegedly false statement by officer of Galveston Housing Authority was prepared in Southern District of Texas and mailed to District of Columbia, venue could properly be laid either in Texas or in District of Columbia. Henslee v. U.S., C.A.5 (Tex.) 1959, 262 F.2d 750, certiorari denied 79 S.Ct. 942, 359 U.S. 984, 3 L.Ed.2d 933. Criminal Law Key Number 113

3. The Judgment that was issued by Ulster County Family Court is a void judgment[25] [26] [27] because of the fraud perpetrated by DSS there is not any administrative process to continue,

---

[25] United States Code Annotated
Federal Rules of Civil Procedure for the United States District Courts
Title VII. Judgment
Federal Rules of Civil Procedure Rule 60
Rule 60. Relief From a Judgment or Order
(b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(6) any other reason that justifies relief.

[26] 49 C.J.S. Judgments § 431
Corpus Juris Secundum | March 2017 Update
Judgments
XII. Alteration of and Relief from Judgment
C. Opening and Vacating
4. Proceedings and Relief
b. Time for Application
§ 431. To vacate void judgments
A void judgment, at least if void on its face, generally may be attacked at any time.
A judgment that is void, as opposed to voidable,1 may generally be attacked at any time,2 irrespective of the principle of waiver.3 While there is authority that it must be brought within a reasonable time,4 it has also been held that such a motion is not governed by the requirement that a motion for relief from judgment be filed within a reasonable time.5 Delay does not bar a motion to set aside such a judgment, unless it has been so great that the rights of innocent persons may be prejudicially affected.6
A definite time limit of a statute7 or rule of civil procedure8 governing relief from a judgment does not apply to a void judgment, at least in the absence of exceptional circumstances.9 Conversely, where the parties may not collaterally attack a judgment for lack of jurisdiction, there is no reason to permit a belated direct attack on the judgment under a rule governing a motion for relief from a judgment.10
The rule that the judgment may be attacked at any time especially applies if the judgment is void on the face of the record or judgment roll.11 Matters appearing on the record that come within this rule include the unauthorized entry of judgment,12 absence of process,13 and a nonamendable defect.14
The principle that void judgments may be vacated at any time includes judgments vacated as void for want of jurisdiction,15 lack of notice of the suit16 or defective service of process,17 based on a complaint that does not states a cognizable cause of action,18 or because the judgment resulted in the denial of a constitutional right,19 or was entered as the result of clerical mistake or inadvertence.20 While when a court's power to act is controlled by statute, any action taken by the court that exceeds its statutory jurisdiction is void and may be attacked at any time, 21 it has been held elsewhere that a motion for relief from a judgment based on a challenge to a court's competency (in the sense of compliance with statutory prerequisites to its exercise of jurisdiction, as opposed to the existence of subject matter jurisdiction) may not be brought at any time, but is subject to the time limit in a statute governing relief from a judgment.22

[27] Judgment void from inception
A rule requiring that a party who moves for relief from a judgment on the ground that the judgment is void must make the motion within a reasonable time did not apply where the judgment was void from its inception.
Mo.—State ex rel. Houston v. Malen, 864 S.W.2d 427 (Mo. Ct. App. S.D. 1993).

## QUESTIONS PRESENTED BEFORE THIS COURT

### POINT I

Can any Agency, Court, or Agent of any agency have any authority to continue there actions outside there jurisdiction when plaintiffs have no ties to New York?

Because of the fraud, the "jurisdiction by fraud" DSS doesn't have the authority to continue there actions against the plaintiffs, fore if they do have this authority then anyone that passes through New York could be in danger of this happening to them.

### POINT II

Does the plaintiffs have inherent rights given to all of us by the creator?

In Webster v. Ryan June 21, 2001 189 Misc.2d 867 29 N.Y.S.2d 315 2001 N.Y. Slip Op. 21359 the court stated the following;

"So, where do fundamental rights come from? They cannot come from our Constitution in the sense that the Constitution itself grants or bestows rights on the governed. After all, a constitution is nothing more than a compact (though a very important one) among the governed as to how they wish to organize their government and what powers it should have and not have. A constitution may create non fundamental rights and protect or guarantee specific fundamental rights. But, if a constitution was a source of fundamental rights, this would mean that people could confer these rights upon themselves. To so hold would be to say that there were no fundamental rights before the Constitutional Convention of 1787 and those rights were first created in that convention. The absurdity of that argument is illustrated by just stating it. A constitution may be the repository of rights and even the source of some important rights, but not the source of fundamental rights. At this point, the definition of a fundamental right may have an air of circularity to it. Suffice it to say, that if a right can be created by majority vote then it can be extinguished in the same way. For a right to be fundamental, it must be exempt from that process. The obvious reason for this is that for a right to *92 be fundamental, whatever that right may be, it must have some transcendental quality and such a right could not have been created by a majority vote of the thirty-nine men who signed the Constitution. It could have been enumerated by them to the extent they chose to do so, but not created by them.
Proof that the People possess other rights, not contained in or derivative of the Constitution, comes from three powerful positive sources: the Declaration of Independence, **320 the Constitution and the Bill of Rights.
The Declaration of Independence, in its second paragraph, states:
We hold these truths to be self-evident, that all men are created equal, that they are endowed by their Creator with certain Unalienable Rights, that among these are Life, Liberty and the pursuit of Happiness. That, to secure these rights Governments are instituted among Men, deriving their just powers from the consent of the governed. (Emphasis added)
This Declaration, written by Jefferson, influenced heavily by Locke,9 states that our rights come from our creator (whether that be a personal God, a deity, or just inherent in the unique dignity of humanness). It also states that our rights are unalienable; that is, they are not capable of being invested or divested, and that among those rights are life, liberty and the pursuit of happiness.10 Life, liberty and the pursuit of happiness, according to the Declaration of Independence, is not an all-inclusive list of rights. Because the Declaration predates the Constitution, it is clear that every right we possess need not be found in, nor can be distilled from, some stated right in the Constitution. Nor can every right we possess be found *93 reposing in a penumbra11 of some collection or amalgam of these enumerated rights.
The second evidentiary source for the proposition that all of our rights are not contained in the Constitution is the Constitution itself. The Constitution, as first passed, had no bill of rights at all. The Delegates to the Convention did not believe one was necessary. It was not necessary, in the

Page 13 of 17

Framers' view, because the Constitution, as written, gave the Federal Government no power to abridge any fundamental rights.

James Wilson, a delegate from Pennsylvania, told a meeting of Pennsylvania citizens that a bill of rights would not only have been unnecessary but impracticable. "Enumerate all the rights of men? I am sure that no gentleman in the late convention would have attempted such a thing."

The new Constitution in Wilson's view was not a body of fundamental law which would require a statement of natural rights. Rather it was municipal law, positive law—what in medieval days was called jus civile. Not a declaration of eternal rights but a code of reference. (Catherine Drinker Bowen, Miracle at Philadelphia, Little Brown, 1966, 245–246)

The last vote for a bill of rights was taken on the last day of the Constitutional Convention. It was defeated 10–0. (Bowen, at 244)

During the Ratification debates, Hamilton, in Federalist No. 84, explained why the Constitution needed no bill of rights.

**321 I go further and affirm that bills of rights, in the sense and to the extent in which they are contended for, are not only unnecessary in the proposed Constitution, but would even be dangerous. They would contain various exceptions to powers which are not granted; and on this very account, would offer a colorable pretext to claim more than were granted. For, why declare that things shall not be done which there is no power to do? Why, for instance, should it be said that the liberty of the press shall not be restrained, where no power is given by which restrictions may be imposed?12

*94 The final element of proof which establishes that all of our rights are not bestowed by or contained in the Constitution comes from the Bill of Rights itself—Amendment IX provides:

The enumeration in the Constitution of certain rights, shall not be construed to deny or disparage others retained by the people. (Emphasis added)

Amendment X provides:

The powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States, respectively, or to the people (emphasis added).

Amendment XIV provides:

No State shall make or enforce any law which shall abridge the privilege or immunities of the citizens of the United States.

These three amendments all speak to rights held by the People that are not listed in the Constitution. Knowing that other rights exist, how are they to be determined and who should do the determining, the judiciary or the legislature? Most would readily agree that the legislature has the authority to determine rights or even create new rights. For example, the legislature could determine that the people have a right to universal health care. It is doubtful that the judiciary could make such a determination.

When Mr. Justice Holmes speaking for this Court, wrote that "it must be remembered that legislatures are ultimate guardians of the liberties and welfare of the people in quite as great a degree as the courts," he went to the very essence of our constitutional system and the democratic conception of our society.13"

## POINT III

Do the Plaintiffs have a fundamental right in the care in custody of there children without any governmental intrusion when there has not been any harm proven, alleged, or alleged to have been committed?

In Parker v. Austin United States District Court, W.D. Virginia, Harrisonburg Division. April 28, 2015 105 F.Supp.3d 592

Headnote: While the fundamental right to care, custody, and control of children may be one of the oldest of the fundamental liberty interests recognized by the Supreme Court, it is a substantive component of the Fourteenth Amendment and, thus, government action alleged to violate that right must be analyzed under a shocks the conscience standard. U.S.C.A Const.Amend. 14.

## POINT IV

Does the public at large have those same rights of no government intrusion and trespassing upon there property with out evidence of harm, or does this court support this type of behavior by agencies, public officials, etc....

I presume that the court wouldn't tolerate this kind of actions by any governmental body of any jurisdiction

## POINT V

I require to know what is the probable cause in support of the defendants case ab initio and the probable cause for the misdemeanor warrants. Since it is my belief that they do not have any credible probable cause they lack the jurisdiction to act

## RELIEF

I, Brian Robertson, Private Attorney General, Pray that the relief be granted on that Ulster County New York's order is adjudicated as a void Judgement[28],

I, Brian Robertson, Private Attorney General, Also ask for the relief that the court will do what it seems proper in this matter since the the role of Government is to protect our rights according to the Constitution of the United States,

I, Brian Robertson, Private Attorney General, Also require an emergency injunction against New York and North Carolina on exercising the misdemeanor warrants until this court has reviewed the evidence and made a decision upon that evidence,

---

[28] 47 Am. Jur. 2d Judgments § 748
American Jurisprudence, Second Edition
May 2016 Update
Judgments
IX. RELIEF FROM JUDGMENTS
C. Collateral Attack
2. Nature of Proceedings Constituting Collateral Attack
Topic Summary Correlation Table References
§ 748. Effect of grounds for the attack
West's Key Number Digest
West's Key Number Digest, Judgment 486 to 488, 501, 508, 517
An attack upon a judgment may be considered a direct attack, not a barred collateral attack, where it is based upon grounds which which may be applicable in the case of an attack upon a judgment on the ground of and in the case of an attack upon a judgment on the ground of a lack of jurisdiction to render it. 3
AMJUR JUDGMENTS § 748
1 Brick v. Sovereign Grand Lodge of Accepted Free Masons of Arkansas, 196 Ark. 372, 117 S.W.2d 1060 (1938); Kittel v. Kittel, 164
So. 2d 833 (Fla. Dist. Ct. App. 3d Dist. 1964); Leslie v. Proctor & Gamble Mfg. Co., 102 Kan. 159, 169 P. 193 (1917); Ray v. Ray,
330 Mo. 530, 50 S.W.2d 142 (1932); Hume v. Ricketts, 69 Wyo. 222, 240 P.2d 881 (1952) (stating that this principle does not apply
except when the defect appears upon the face of the record).
2 Skipper v. Schumacher, 124 Fla. 384, 169 So. 58 (1936); Stewart Lumber Co. v. Downs, 142 Iowa 420, 120 N.W. 1067 (1909).
3 Brick v. Sovereign Grand Lodge of Accepted Free Masons of Arkansas, 196 Ark. 372, 117 S.W.2d 1060 (1938).

I, Brian Robertson, Private Attorney General, require an evidentiary hearing[29] be docketed at the soonest available time before a decision is made on the Writ of Habeas Corpus. It is my contention that in the interest of justice the Court will give a favorable ruling based on the evidence.

---

[29] Rules Governing § 2254 Cases, Rule 8, 28 U.S.C.A. foll. § 2254

Rule 8. Evidentiary Hearing

(b) Reference to a Magistrate Judge. A judge may, under 28 U.S.C. § 636(b), refer the petition to a magistrate judge to conduct hearings and to file proposed findings of fact and recommendations for disposition. When they are filed, the clerk must promptly serve copies of the proposed findings and recommendations on all parties. Within 14 days after being served, a party may file objections as provided by local court rule. The judge must determine de novo any proposed finding or recommendation to which objection is made. The judge may accept, reject, or modify any proposed finding or recommendation.

Subdivision (a) contemplates that all of these materials, if available, will be taken into account. This is especially important in view of the standard set down in Townsend for determining when a hearing in the federal habeas proceeding is mandatory.
The appropriate standard * * * is this: Where the facts are in dispute, the federal court in habeas corpus must hold an evidentiary hearing if the habeas applicant did not receive a full and fair evidentiary hearing in a state court, either at the time of the trial or in a collateral proceeding.
372 U.S. at 312
The circumstances under which a federal hearing is mandatory are now specified in 28 U.S.C. § 2254(d). The 1966 amendment clearly places the burden on the petitioner, when there has already been a state hearing, to show that it was not a fair or adequate hearing for one or more of the specifically enumerated reasons, in order to force a federal evidentiary hearing. Since the function of an evidentiary hearing is to try issues of fact (372 U.S. at 309), such a hearing is unnecessary when only issues of law are raised. See, e.g., Yeaman v. United States, 326 F.2d 293 (9th Cir. 1963).
In situations in which an evidentiary hearing is not mandatory, the judge may nonetheless decide that an evidentiary hearing is desirable:
The purpose of the test is to indicate the situations in which the holding of an evidentiary hearing is mandatory. In all other cases where the material facts are in dispute, the holding of such a hearing is in the discretion of the district judge.
372 U.S. at 318
If the judge decides that an evidentiary hearing is neither required nor desirable, he shall make such a disposition of the petition "as justice shall require." Most habeas petitions are dismissed before the prehearing conference stage (see Director of the Administrative Office of the United States Courts, Annual Report 245-245c (table C4) (1970) ) and of those not dismissed, the majority raise factual issues that necessitate an evidentiary hearing. If no hearing is required, most petitions are dismissed, but in unusual cases the court may grant the relief sought without a hearing. This includes immediate release from custody or nullification of a judgment under which the sentence is to be served in the future.

STATE OF North Carolina §

COUNTY OF Guilford §

BEFORE ME, the undersigned authority, on this day personally appeared, **BRIAN V. ROBERTSON**, Private Attorney General, and acknowledged to me that he executed the same for the purpose and consideration expressed and under oath or affirmation swore this to be true under penalty of perjury.

Given under my hand and seal of office this 20th day of March, 2017

Natalie S. Hayes

_Natalie S. Hayes_

Notary ~~Jurat~~ In and For

The State of North Carolina

[Seal: NATALIE S. HAYES, NOTARY PUBLIC, GUILFORD COUNTY, NC]

Ulster County Department of Social Services
1091 Development Court,
Kingston, NY, 12401

Brian Robertson
5102 Eagle Perch Way    717-439-9608
Greensboro, NC, 27407

Keri Robertson
1849 Power Dam Rd
Walnut Cove, NC, 27052